UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.     Case No.:   3:20cr090/MCR

**NATHANIEL O. COX.**
_____/

### ORDER

This matter is before the Court on Defendant Nathaniel O. Cox's motion in limine to exclude evidence of a prior conviction for brandishing a firearm in the commission of a crime of violence under Federal Rules of Evidence 403 and 404(b). *See* ECF No. 36. In Cox's view, this extrinsic act evidence is irrelevant, serves only to impermissibly show a propensity to possess firearms and/or commit crimes of violence, and any marginal probative value is substantially outweighed by unfair prejudice. The Government responds that: (a) Cox's prior conviction is "intrinsic" to the instant offenses such that Rule 404(b) does not apply; (b) even if Rule 404(b) applies, the prior conviction is admissible as extrinsic evidence of Cox's intent, knowledge, and identity; and (c) the prejudicial effect of admitting the evidence does not substantially outweigh its probative value. On consideration, Cox's motion is denied.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible for the purpose of showing a defendant's propensity or predisposition to

commit the crimes in an indictment. Extrinsic evidence of this nature is admissible where: (1) it is relevant to an issue other than the defendant's character, such as to prove motive, identity, preparation, knowledge, or intent; (2) sufficient evidence is presented that would allow a jury to find that the defendant committed the extrinsic act; and (3) its probative value is not substantially outweighed by the potential for undue prejudice. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). Rule 404(b) is a "rule of inclusion" not exclusion; therefore, extrinsic evidence should be admitted "unless it tends to prove *only* criminal propensity." *Id*.

Rule 404(b) does not extend to evidence of prior acts that are "intrinsic" to the charged offenses. Evidence of prior acts is intrinsic—and thus, it falls outside the scope of Rule 404(b) and is independently admissible—when it "arose out of the same transaction or series of transactions as the charged offense," is "necessary to complete the story of the charged crime," or is "inextricably intertwined with the evidence regarding the charged offense." *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015). Intrinsic evidence is admissible "even if it tends to reflect negatively on the defendant's character," *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989), provided that it "pertain[s] to the chain of events explaining the context, motive and set-up of the crime" and is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete" the narrative of the crime, *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

Whether offered under Rule 404(b) or as intrinsic evidence, a court must also find that the probative value of the proffered evidence is not substantially outweighed by the risk of unfair prejudice. *Ford*, 784 F.3d at 1393. Unfair prejudice, however, can be mitigated by limiting instructions from the court. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993).

In this case, Cox's prior conviction for brandishing a firearm in the commission of a crime of violence is not intrinsic to the charged offenses. The prior offense, which occurred in March 2014, is clearly not part of the same transaction (or series of transactions) as the prior offense. Moreover, nothing that occurred while Cox committed the prior offense is necessary to complete the narrative of what happened during the charged offense, nor is that information necessary for contextual or background purposes, such that a jury would have an incomplete or inaccurate view of the evidence without it. The Government can easily tell the story of the instant offenses—and more specifically, its investigation of those offenses—without reference to the details of the prior offense by eliciting testimony that law enforcement officers were responding to information received, or words to that effect. Consequently, the prior conviction cannot be considered inextricably intertwined with the charged offense, and it may not be admitted as intrinsic evidence at trial.

The prior conviction, however, is admissible as extrinsic act evidence under Rule 404(b). First, this evidence is unquestionably relevant for the non-propensity

purposes of proving the knowledge and intent at issue in Count 2 (brandishing a firearm in the commission of a crime of violence) and Count 3 (possession of a firearm by a convicted felon), by virtue of Cox having entered not guilty pleas to those charges.[1] *See Edouard*, 485 F.3d at 1345 ("[W]here the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied."); *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) (evidence that a defendant knowingly possessed a firearm in the past is probative of knowing possession of a firearm in the present); *United States v. Philpot*, 1:15cr28, 2017 WL 1438831, *3 (N.D. Ga. Apr. 24, 2017) (finding prior convictions for Hobbs Act robbery and brandishing a firearm during a robbery admissible under Rule 404(b) to prove knowledge and intent in prosecution for a different Hobbs Act robbery and brandishing a firearm). Second, the fact of the prior conviction is sufficient proof that Cox committed the prior offense. *See United States v. Calderon*,

---

[1] Cox's prior conviction is not admissible to prove identity. The standard for introducing extrinsic act evidence to prove identity is "particularly stringent." *United States v. Phaknikone*, 605 F.3d 1099, 1108 (11th Cir. 2010). The physical similarity between the prior and charged offenses "must be such that it marks [them both] as the handiwork of the accused." *Id*. "The extrinsic act must be a 'signature' crime, and the defendant must have used a modus operandi that is uniquely his." *Id*. It is not enough that the defendant has at other times committed the "same commonplace variety of criminal act." *Id*. Here, the Government has not described any of the underlying facts related to Cox's prior conviction, thus the Court has no basis for considering whether it shares distinctive features in common with the charged offense. Indeed, as best the Court can tell from other pretrial materials in this case, the two offenses differ in at least one material way—allegedly Cox wore a mask during the commission of the instant offense, whereas he was not masked in the prior offense. In short, the Government has not satisfied the test for admission on the issue of identity.

127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that he committed the prior act.").

Finally, the probative value of Cox's prior conviction is not substantially outweighed by the potential for undue prejudice. In balancing the prejudicial effect of extrinsic act evidence against its probative value, courts consider the degree of similarity between the charged and extrinsic acts, the amount of time separating the charged and extrinsic acts, and the importance of the extrinsic acts evidence to the Government's case. *Diaz-Lizaraza*, 981 F.2d at 1225. Here, the elements of one of the charged offenses—brandishing a firearm during and in relation to a crime of violence—are materially identical to the extrinsic acts reflected in the prior conviction, in that both involved the brandishing of a firearm during a robbery. Cox allegedly committed the instant offense less than six months after his release from 84 months' incarceration for the prior conviction and while still serving a 5-year term of supervised release. In other words, Cox spent all of the intervening time between the prior and instant offenses either incarcerated or on federal supervision. *See United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2014) (extrinsic act evidence "need not be very recent, especially where a substantial portion of the gap in time occurred while the defendant was incarcerated). Moreover, as already discussed, the probative value of the prior conviction is high because it demonstrates Cox's intent and knowledge during the charged offenses. The prosecutorial need for the evidence is significant, given the largely circumstantial nature of the

Government's case on the issues of knowledge and intent. *See United States v. Hicks*, 798 F.2d 446, 451 (11th Cir. 1986) ("The greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice."); *see also United States v. Moore*, 535 F. App'x 795, 798 (11th Cir. 2013) ("After a defendant puts his intent at issue by pleading not guilty, the strength of the government's case on intent must be 'overwhelming' in order to render extrinsic evidence on intent unnecessary.") (quoting *United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987)).

Because Cox's prior conviction satisfies the three-part test for admissibility under Rule 404(b), it is admissible at trial as extrinsic evidence of knowledge and intent. Any potentially prejudicial effect will be mitigated by a limiting instruction to the jury, both at the time the evidence is admitted and in the final charge to the jury.

**SO ORDERED**, on this 3rd day of October, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**